### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

THOMAS G. HAYES,

      Petitioner,

v.               //       CIVIL ACTION NO. 1:08CV14
                                 (Judge Keeley)

WAYNE A. PHILLIPS,

      Respondent.

### ORDER ADOPTING REPORT AND RECOMMENDATION

On January 4, 2008, pro se petitioner Thomas G. Hayes ("Hayes"), filed an Application for Habeas Corpus pursuant to 28 U.S.C. § 2241, seeking an order directing the Bureau of Prisons ("BOP") to transfer him to a Community Corrections Center for the last six months of his term of imprisonment. The Court referred this matter to United States Magistrate Judge John S. Kaull for initial screening and a report and recommendation in accordance with Local Rule of Prisoner Litigation 83.09. On March 31, 2008, the respondent, Wayne A. Phillips ("Phillips"), filed a motion to dismiss.

On July 16, 2008, Magistrate Judge Kaull issued an Opinion and Report and Recommendation ("R&R") recommending that Phillips' motion to dismiss be granted, and Hayes' motion under § 2241 be denied and the case be dismissed with prejudice. The R&R also specifically warned that failure to object to the recommendation

ORDER ADOPTING OPINION/REPORT AND RECOMMENDATION

within ten days of receipt of service would result in the waiver of any appellate rights on this issue.  No objections were filed.[1]

Therefore, the Court **ADOPTS** the R&R in its entirety (dkt. no. 15), **GRANTS** Phillips' motion to dismiss (dkt. no. 10), **DENIES** Hayes' Application for Habeas Corpus under § 2241 (dkt. no. 1) and **ORDERS** the case **DISMISSED WITH PREJUDICE** and stricken from the Court's docket.

It is so **ORDERED**.

The Clerk is directed to transmit a copy of this Order to counsel of record, and to mail a copy to the pro se petitioner, certified mail, return receipt requested.

Dated: August 12, 2008

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

---

[1] The failure to object to the Report and Recommendation not only waives the appellate rights in this matter, but also relieves the Court of any obligation to conduct a de novo review of the issue presented.  See Thomas v. Arn, 474 U.S. 140, 148-153 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997).